COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-391-CR

 

 

TERRY WAYNE SASSER                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

                                MEMORANDUM
OPINION[1]

                                              ------------

Appellant Terry Wayne Sasser
appeals his conviction for aggravated sexual assault, complaining of legal and
factual insufficiency.  We affirm.

BACKGROUND








Appellant was charged with
one count of aggravated sexual assault and two counts of indecency with a child
by contact.[2]  He pled not guilty to all counts.  The jury found him guilty of all counts and
assessed twenty-five years= incarceration for the aggravated sexual assault count and five years= incarceration for each of the indecency counts.  The trial court accepted the jury=s verdict, entered judgment accordingly, and sentenced Appellant in
accordance with the jury=s
verdict.  We will discuss the facts
pertinent to Appellant=s complaints
on appeal below.

SUFFICIENCY OF THE EVIDENCE

Appellant complains that the
evidence was legally and factually insufficient to support his aggravated
sexual assault conviction because there was no evidence from which a rational
jury could find that the injured party was younger than fourteen years of age
at the time of the alleged conduct.

Standard Of Review








In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to ultimate
facts.  Jackson, 443 U.S. at 319,
99 S. Ct. at 2789.  The trier of fact is
the sole judge of the weight and credibility of the evidence.  See Tex.
Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v. State,
34 S.W.3d 912, 919 (Tex. Crim. App. 2000). 
Thus, when performing a legal sufficiency review, we may not re‑evaluate
the weight and credibility of the evidence and substitute our judgment for that
of the fact‑finder.  Dewberry v.
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529
U.S. 1131 (2000).  We must resolve any
inconsistencies in the evidence in favor of the verdict.  Curry v. State, 30 S.W.3d 394, 406
(Tex. Crim. App. 2000).  The sufficiency
of the evidence should be measured by the elements of the offense as defined by
the hypothetically correct jury charge for the case.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); Bowden v. State, 166 S.W.3d 466, 470 (Tex. App.CFort Worth 2005, pet. ref=d).








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact‑finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact‑finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414‑15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).  To reverse under the
second ground, we must determine, with some objective basis in the record, that
the great weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d at 417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact‑finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at
8.  Thus, we must give due deference to
the fact‑finder=s
determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.

Aggravated Sexual Assault

A person commits aggravated
sexual assault when he intentionally or knowingly causes a child=s sexual organ to contact the mouth of another person, including the
actor and the child is younger than fourteen. 
See Tex. Penal Code Ann.
' 22.021(a)(1)(B)(iii), (a)(2)(B). 
Appellant only contests the sufficiency of the evidence to support the
jury=s finding with regard to the complainant=s age.[3]

P.J.; his parents; Amanda
Shane, who was P.J.=s girlfriend
when he made his outcry; the sexual assault nurse examiner; and two Arlington
police officers testified at trial.  We
will only discuss those portions of the testimony pertinent to P.J.=s age at the time of the sexual assault.








The complainant, P.J., was
born on April 26, 1988, and saw Appellant for chiropractic treatment between
April 2001 and August 2003.  P.J.=s father, William, testified that P.J. was in the seventh grade when
he started seeing Appellant, had almost finished his freshman year in high
school when he stopped seeing Appellant, and turned thirteen at the end of his
seventh grade year.  William testified
that P.J. told him and his wife, A[Appellant=s] been
abusing me for three years.@  He testified that P.J. told
them that the abuse started two to three months after he started seeing
Appellant, starting with accidental grazing and rubbing of his penis and
progressing to Appellant grabbing his penis, massaging his butt, rubbing his
testicles, and finally trying to masturbate him and, on occasion, trying to put
his mouth on P.J.=s penis.

P.J.=s mother, Christy, testified that P.J. was twelve years old at his
first treatment with Appellant in April 2001 and fifteen years old at his last
treatment.  He turned thirteen not long
after he started seeing Appellant.  She
gave similar testimony about P.J.=s outcry, and testified that P.J. told them that it began three or
four months after his first visit and then it occurred every time he went into
the back room with Appellant and Appellant closed the door.








P.J. testified that he
started seeing Appellant at the end of his seventh grade year, when he was
thirteen, but also testified that the abuse started at the Abeginning of [his] seventh grade year,@ in 2001.  P.J. testified that
he was twelve in the seventh grade, from 2000‑2001; thirteen in the
eighth grade, from 2001‑2002; fourteen in ninth grade, 2002‑2003;
and fifteen in the tenth grade, from 2003‑2004.

P.J. testified that the
treatments in the back room began in 2001 when he was in eighth grade and that
was when Appellant started grazing his penis while massaging him.  He testified that he thought this was
accidental at first, that it happened every time he was in the back room, and
that it became more frequent and became a grab instead of a sweeping motion,
four to six months after he started seeing Appellant.  P.J. testified that the grabbing then became
attempts to Ajack [him]
off@ every time he went in.  After
he had been going to Appellant for nine months to a year, in 2001 or 2002, Ait got to a point where he tried to put his mouth on [P.J.=s] penis@ and
actually did so.  P.J. testified that he
was fourteen when Appellant started sucking on his penis, but also that it
occurred at the end of 2001 and 2002. 
P.J. made his outcry to his parents in January 2004.








Viewing all of the evidence
in the light most favorable to the verdict, we conclude that the jury could
have determined beyond a reasonable doubt that P.J. was under fourteen years
old when Appellant contacted P.J.=s penis with his mouth.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Hampton, 165 S.W.3d at
693.  The jury, as the sole judge of the
evidence=s weight and credibility, had the responsibility to resolve the
conflicts in P.J.=s own
testimony and that of his parents and to weigh this evidence.  See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Margraves, 34 S.W.3d at 919.  The jury could have resolved the conflicts in
P.J.=s testimonyCthat he was
fourteen when it occurred and that it began about a year after he started
seeing AppellantCby comparing
it with Christy=s testimonyCthat P.J. was twelve in seventh grade and turned thirteen while he was
seeing AppellantCto determine
that P.J. was still thirteen when Appellant first contacted P.J.=s penis with his mouth. Therefore, we hold that the evidence was
legally sufficient to support Appellant=s conviction for aggravated sexual assault.  See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789.  We overrule Appellant=s first point.








Viewing all of the evidence
in a neutral light, we reach the same conclusion with regard to the evidence=s factual sufficiency.  See
Watson, 204 S.W.3d at 414.  The
evidence supporting the jury=s determination that P.J. was younger than fourteen was not so weak
that this determination was clearly wrong and manifestly unjust, nor did
conflicting evidence so greatly outweigh the evidence supporting the conviction
that the jury=s
determination was manifestly unjust.  See
id. at 414‑15, 417; Johnson, 23 S.W.3d at 11.  Therefore, giving due deference to the jury=s determination of the weight to be given contradictory testimonial
evidence, we conclude that the evidence was factually sufficient to support the
jury=s determination that P.J. was younger than fourteen at the time of the
sexual assault.  See Johnson, 23
S.W.3d at 8-9.  We overrule Appellant=s second point.

CONCLUSION

Having overruled both of
Appellant=s points, we
affirm the judgment of the trial court.

 

DIXON W. HOLMAN

JUSTICE

 

 

PANEL
A:  CAYCE, C.J.; HOLMAN and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 26, 2007











[1]See Tex.
R. App. P. 47.4.





[2]See Tex.
Penal Code Ann.' 21.11 (Vernon 2003) (indecency
with a child); id. ' 22.021(a)(1)(B)(iii), (a)(2)(B) (Vernon Supp. 2006)
(aggravated sexual assault).





[3]After the State rested, Appellant
moved for a directed verdict on the aggravated sexual assault count because A[P.J.] affirmatively proved that he
was 14 years old.@ 
The trial court denied the motion, stating that A[t]here was testimony both ways on
that issue.@